UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY YOUNG | CIVIL ACTION NO. 23-cv-707 |
| VERSUS | DISTRICT JUDGE: GREG GUIDRY |
| UNITED FINANCIAL CASUALTY COMPANY, KIP TRANSPORTATION, LLC, MARCELLUS KIPRUTO, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AND DOUBLEONE LOGISTICS, LLC | MAGISTRATE DONNA PHILLIPS CURRAULT |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR MONEY DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Roy Young, who files this, his First Amended Complaint against Defendants United Financial Casualty Company, KIP Transportation, LLC, Marcellus Kipruto, State Farm Mutual Automobile Insurance Company, and DoubleOne Logistics, LLC, who are liable to Plaintiff jointly and solidarily, on the grounds set forth below:

**I. NATURE OF THE ACTION**

1. Plaintiff files this personal injury action after a motor vehicle collision which occurred on October 8, 2021 in St. Bernard Parish, Louisiana.

## II. PARTIES

2. Plaintiff Roy Young is a person of the full age of majority and a resident and citizen of the State of Louisiana. For all relevant times, Mr. Young has been domiciled in the Parish of Orleans, State of Louisiana.

3. As discussed below, Defendants in this matter are citizens of Texas and Illinois.

4. Defendant United Financial Casualty Company is a foreign insurance company authorized to do and doing business in the State of Louisiana at all relevant times. Said Defendant is a corporation organized under the laws of the State of Ohio, with its principal place of business in Ohio. At all relevant times, there was in full force and effect a policy of insurance issued by said Defendant, the terms and conditions of which obligated it to insure and indemnify Defendants KIP Transportation, LLC, Marcellus Kipruto, and DoubleOne Logistics, LLC from the type of liability asserted herein. As a liability carrier against whom a direct action is taken, said Defendant also assumes the domicile of all tortfeasors that it is obligated to insure and indemnify. As such, United Financial Casualty Corporation is considered a citizen of Texas.

5. Defendant KIP Transportation, LLC, is a limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas that, for all relevant times, conducted business within St. Bernard Parish. Said Defendant is owned and comprised of the following members: Richard Mulwa (a Texas citizen).

6. Defendant Marcellus Kipruto is an individual that lives in Texas and was operating an 18-wheeler truck in St. Bernard Parish at all relevant times hereto.

7. Defendant State Farm Mutual Automobile Insurance Company is a foreign insurance company authorized to do and doing business in the State of Louisiana at all relevant times. Said Defendant is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. At all relevant times, there was in full force and effect a policy of insurance issued by said Defendant, the terms and conditions of which obligated it to insure and indemnify Plaintiff, Roy Young, from the type of liability asserted herein.

8. Defendant DoubleOne Logistics, LLC, is a limited liability company organized under the laws of the State of Texas with its principal place of business in the State of Texas that, for all relevant times, conducted business within St. Bernard Parish. Said Defendant is owned and comprised of the following members: Marcellus Kipruto (a Texas citizen).

### III. JURISDICTION

9. This action was initially filed in the Civil District Court for the Parish of St. Bernard, but was properly removed by Defendants to this United States District Court.

10. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S. Code 1332 because this dispute arises between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is appropriate in this district pursuant to 28 U.S. Code 1391 as the negligence and subsequent injury that are the subject of this action occurred within the Eastern District of Louisiana.

12. This Court has personal jurisdiction over all parties identified as all parties performed the actions described below within this judicial district, and for other contacts with this venue.

### IV. FACTS

13. That on or about October 8, 2021 at approximately 7:30 PM, Roy Young was operating a 2004 Chevrolet Suburban in the right lane headed southbound on Paris Avenue in the Parish of St. Bernard, State of Louisiana.

14. That at approximately the same time and place, Marcellus Kipruto was operating a 2012 Volvo tractor-trailer owned and/or leased by Defendant Kip Transportation, LLC and/or Defendant DoubleOne Logistics, LLC northbound on Paris Avenue in the Parish of St. Bernard, State of Louisiana.

15. That at approximately the same time and place, Marcellus Kipruto executed a U-turn in an attempt to turn southbound onto Paris Avenue and failed to yield to oncoming traffic and collided with the vehicle driven by Roy Young.

16. That upon information and belief, at all relevant times hereto, Defendant, Marcellus Kipruto, was acting within the course and scope of his employment or as part of a joint venture or otherwise for the mutual benefit of himself and Kip Transportation, LLC and/or DoubleOne Logistics, LLC. Under the Louisiana Code and the theories of respondeat superior, joint venture, and/or agency, both are responsible for the collision and damages resulting thereto.

17. That the aforesaid accident sued on herein was the fault of and proximately caused by Defendant, Marcellus Kipruto, in the following respects:

    (a) by striking the Young vehicle in its proper lane of travel;

  (b)  by failing to keep a proper lookout;

  (c)  by crossing the centerline, in violation of La. R.S. 32:82;

  (d)  by failing to drive on the right side of the road, in violation of La. R.S. 32:71;

  (e)  by failing to maintain his vehicle entirely within a single lane in violation of La. R.S. 32:79;

  (f)  by failing to yield while turning left, in violation of LA R.S. 32:122;

  (g)  by operating the vehicle under his control in a careless manner, in violation of LA R.S. 32:58;

  (h)  by operating a vehicle while physically exhausted, in violation of state law, federal regulations, and company standards;

  (i)  by failing to maintain reasonable and proper control of the vehicle under his control upon a public road;

  (j)  by operating the vehicle under his control in an improper, unsafe, negligent, and reckless manner;

  (k)  by failing to see what should have been seen;

  (l)  In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision; and

  (m)  other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

18. That the aforesaid collision sued on herein was the fault of and proximately caused by the negligence of Defendant, Kip Transportation, LLC, in the following non-exclusive respects:

  (a)  by allowing a vehicle under its control to strike the Young vehicle in its proper lane of travel;

  (b)  by allowing a vehicle under its control to fail to keep a proper lookout;

(c)      by allowing a vehicle under its control to cross the centerline, in violation of La. R.S. 32:82;

(d)      by allowing a vehicle under its control to fail to drive on the right side of the road, in violation of La. R.S. 32:71;

(e)      by allowing a vehicle under its control to fail to maintain his vehicle entirely within a single lane in violation of La. R.S. 32:79;

(f)      by allowing a vehicle under its control to fail to yield while turning left in violation of LA R.S. 32:122;

(g)      by allowing a vehicle under its control to be operated in a careless manner, in violation of LA R.S. 32:58;

(h)      by failing to maintain reasonable and proper control of the vehicle under its control upon a public road;

(i)      by allowing a vehicle under its control to be operated by a driver while physically exhausted, in violation of state law, federal regulations, and company standards;

(j)      by operating the vehicle under its control in an improper, unsafe, negligent, and reckless manner;

(k)      by failing to see what should have been seen;

(l)      In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision;

(m)      In negligently qualifying its driver;

(n)      In negligently training its driver;

(o)      In negligently supervising its driver;

(p)      all other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

19. That the aforesaid collision sued on herein was the fault of and proximately caused by the negligence of Defendant, DoubleOne Logistics, LLC, in the following non-exclusive respects:

   (a) by allowing a vehicle under its control to strike the Young vehicle in its proper lane of travel;

   (b) by allowing a vehicle under its control to fail to keep a proper lookout;

   (c) by allowing a vehicle under its control to cross the centerline, in violation of La. R.S. 32:82;

   (d) by allowing a vehicle under its control to fail to drive on the right side of the road, in violation of La. R.S. 32:71;

   (e) by allowing a vehicle under its control to fail to maintain his vehicle entirely within a single lane in violation of La. R.S. 32:79;

   (f) by allowing a vehicle under its control to fail to yield while turning left in violation of LA R.S. 32:122;

   (g) by allowing a vehicle under its control to be operated in a careless manner, in violation of LA R.S. 32:58;

   (h) by failing to maintain reasonable and proper control of the vehicle under its control upon a public road;

   (i) by allowing a vehicle under its control to be operated by a driver while physically exhausted, in violation of state law, federal regulations, and company standards;

   (j) by operating the vehicle under its control in an improper, unsafe, negligent, and reckless manner;

   (k) by failing to see what should have been seen;

   (l) In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision;

   (m) In negligently qualifying its driver;

(n)     In negligently training its driver;

(o)     In negligently supervising its driver;

(p)     all other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

20. That as a result of the aforesaid collision, Roy Young has sustained injuries to his mind and body, including but not limited to neck, back, shoulder, and ankle, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; past and future loss of earnings and impaired earning capacity; and other economic and pecuniary loss; all of which entitles Plaintiff, Roy Young, to recover from Defendants the damages as are reasonable in the premises.

21. Petitioner shows that at all times mentioned hereinabove, there was in full force and effect a policy of insurance issued by Defendant, United Financial Casualty Company, under the terms and conditions of which it agreed to insure and indemnify Defendants, Kip Transportation, LLC, Marcellus Kipruto, and/or DoubleOne Logistics, LLC, from the type of liability asserted herein.

22. Petitioner further shows that, at all times mentioned hereinabove, there was in full force and effect a policy of uninsured/underinsured motorist insurance issued by State Farm Mutual Automobile Insurance Company, under the terms and conditions of which said insurer agreed to provide uninsured/underinsured motorist coverage to Petitioner; that the evidence in this case will reflect that Kip Transportation, LLC and/or Marcellus Kipruto and/or DoubleOne Logistics, LLC

has basis for uninsured/underinsured status. As such, State Farm Mutual Automobile Insurance Company is a proper party Defendant herein.

23. In the alternative, if the Court finds that Plaintiff's claim against State Farm Mutual Automobile Insurance Company is based on contract and that breach is a necessary element of the claim-which Plaintiff denies-then Plaintiff alleges two alternate UM claims based in contract. First, Plaintiff alleges in the alternative that State Farm Mutual Automobile Insurance Company is in actual breach of the insuring agreement for failing to fulfill obligations under the policy. Specifically, State Farm Mutual Automobile Insurance Company received a demand for payment on or about October 11, 2021 but inadequately responded, failed to offer all payment and coverage due, and did not decree that Kip Transportation, LLC and/or Marcellus Kipruto and/or DoubleOne Logistics, LLC was an uninsured or underinsured driver under the policy. Second, Plaintiff also alleges in the alternative that if the response of State Farm Mutual Automobile Insurance Company to the demand of October 11, 2021 did not yet breach the insuring agreement, it nonetheless qualifies as anticipatory repudiation of the policy as it signifies a refusal or unwillingness to properly perform. To avoid confusion, Plaintiff only alleges these alternate theories of relief to the extent that the Court finds that breach of contract is a necessary element of a UM claim and does _not_ allege that any breach of the insuring agreement occurred in bad faith.

24. Petitioner shows that this case involves damages which exceed $75,000 exclusive of interests and costs.

WHEREFORE, Plaintiff, Roy Young, prays that after the expiration of all legal delays and due proceedings are had, that there be judgment rendered in favor of Plaintiff, Roy Young, and against Defendants UNITED FINANCIAL CASUALTY COMPANY, KIP TRANSPORTATION, LLC, MARCELLUS KIPRUTO, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOUBLEONE LOGISTICS, LLC for appropriate compensatory damages, for said judgment to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all legal and equitable relief this Honorable Court shall deem appropriate.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA  70130
TELEPHONE:  (504) 599-3288
FACSIMILE:  (866) 808-8998
E-MAIL:  lpilie@morrisbart.com


BY:  /s/ Lauren Pilie
LAUREN PILIÉ, NO. 33928

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document using the Court's CM/ECF system, which will deliver a true and accurate copy of the same to all counsel of record this 31st day of May, 2023.

/s/ Lauren Pilie
LAUREN PILIE