UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROY YOUNG | * | CIVIL ACTION |
| VERSUS | * | NO. 23-707 |
| UNITED FINANCIAL CASUALTY COMPANY, ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Roy Young's Motion to Compel Discovery Responses. ECF No. 30. The parties timely filed Opposition and Reply Memoranda. ECF Nos. 34, 36. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel (ECF No. 30) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Roy Young filed this personal injury suit after an October 8, 2021 collision with a truck driven by Defendant Marcellus Kipruto and performing work for Defendant DoubleOne Logistics, LLC ("DoubleOne"). ECF Nos. 1-4, 13. Plaintiff issued amended discovery requests to DoubleOne and Kipruto on November 8 and 13, 2023 respectively but has not received any written responses from either Defendant, and thus, seeks to compel full and complete responses.[1] ECF No. 30.

---

[1] Defendants contend that Plaintiff issued his original discovery requests on February 14, 2023, before his case was removed to this Court, and that the original requests contained 50 interrogatories directed to each Defendant, not counting subparts, and an excessive number of document requests. ECF No. 34 at 2-3. After counsel conferred on July 24, 2023, Plaintiff issued amended discovery requests in November of 2023, which requests are the subject of this motion. *Id.*

1

In Opposition, Defendants assert that Plaintiff's requests are unduly burdensome and duplicative because Marcello Kipruto is the sole owner and operator of DoubleOne, both sets of interrogatories exceed 25 questions, and both sets of document requests seek irrelevant information beyond the scope of discovery in this case. ECF No. 34. Defendants contend that their counsel expressed these concerns to Plaintiff's counsel on numerous occasions but, instead of amending the requests, Plaintiff filed his Motion to Compel. *Id*. at 3-4. Citing the Louisiana and Federal Rules of Civil Procedure, Defendants argue that Plaintiff "abuses" the discovery process because his Interrogatories exceed the permitted number when counting distinct subparts and the discovery seeks irrelevant information "not reasonably calculated to the needs and facts of this case." *Id*. at 6. Defendants argue that Plaintiff's Requests for Production are likewise unduly burdensome, excessive, and seek irrelevant information.

In Reply, Plaintiff argues that Defendants are engaging in delay tactics to "run out the clock," his discovery requests are properly addressed to Kipruto both individually and as a representative of DoubleOne, and Defendants are obligated to provide written responses to the requests. ECF No. 36.

## II.   APPLICABLE LAW

### A. Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

1. **Number of Interrogatories**

Under Rule 33(a), a party may not serve more than 25 interrogatories, including discrete subparts, upon another party unless stipulated or ordered by the court.[2] As the comments to Rule 33(a)(1) make clear, a party cannot evade the 25-interrogatory limit through the use of "subparts" that seek information about discrete separate subjects.[3] This numerical limitation on the number of interrogatories is intended to protect against potentially excessive use of interrogatories, not to prevent necessary discovery.[4] It forces a party to narrow their requests to the important issues in the case, to avoid cumulative or duplicative requests, and to seek relevant information from more convenient, less burdensome sources, including depositions.[5]

Although there is no "clear and easily applied rule" for counting discrete subparts, courts look to whether the subparts are logically or factually "subsumed within" or "necessarily related to" the "primary question."[6] In other words, courts assess whether subsequent questions within a single interrogatory are subsumed and related by examining whether the first question is primary and subsequent questions are secondary to the primary question or whether the subsequent question could stand alone, independent of the first question.[7] If the subsequent question stands

---

[2] FED. R. CIV. P. 33(a)(1).
[3] FED. R. CIV. P. 33, advisory committee's note to the 1993 amendment.
[4] *Estate of Manship v. U.S.*, 232 F.R.D. 552, 554 n.1 (M.D. La. 2005); *Lower River Marine, Inc. v. USL-497 Barge*, No. 06-04083, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *see also* FED. R. CIV. P. 33(a) advisory committee's note to 1993 amendment ("The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device.").
[5] *King v. Univ. Healthcare Sys., L.C.*, No. 08-1060, 2008 WL 11353694, at *2 (E.D. La. Oct. 31, 2008) (Wilkinson, M.J.) (citations omitted).
[6] *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998) (citing *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997); *Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 321 (D. Nev. 1991); *Clark v. Burlington N.R.R.*, 112 F.R.D. 117, 120 (N.D. Miss. 1986); *Myers v. U.S. Paint Co.*, 116 F.R.D. 165, 165–66 (D. Mass. 1987)); FED. R. CIV. P. 33(a) advisory committee's note to the 1993 amendment; 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994).
[7] *Manship*, 232 F.R.D. at 554.

alone or is independent of the first question, it would be considered a discrete or separate question even when joined by a conjunctive word and related to the primary question.[8]  Genuine subparts, however, are not counted as separate interrogatories.  For instance, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."[9]  Courts have recognized that a party receiving excessive interrogatories may respond to the "first" 25 Interrogatories that constitute discrete questions, and strike the rest.[10]

### B. Duties in Responding to Discovery

#### 1. Full and Complete Responses

"Discovery by interrogatory requires candor in responding. . . .  The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[11]  The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[12]  Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[13]  A party is not required to make an extensive investigation in responding to interrogatories, but must review all sources of

---

[8] *Safeco*, 181 F.R.D at 445 (quoting *Kendall,* 174 F.R.D. at 685).
[9] FED. R. CIV. P. 33 advisory committee's note to the 1993 amendment.
[10] *Stephens v. Fla. Marine Transporters, Inc.*, No. 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013) (Roby, M.J.) (citing *Lower River Marine, Inc*., No. 06-4083, 2007 WL 4590095, at *2; *Paananen v. Cellco P'ship*, No. 08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.")).
[11] *Dollar v. Long Mfg., N.C., Inc*., 561 F.2d 613, 616–17 (5th Cir. 1977).
[12] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp*., 483 F.2d 300, 307–08 (5th Cir. 1973)).
[13] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp*., No. A–11–cv–542–LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).

responsive information reasonably available and provide the responsive, relevant facts reasonably available.[14]

### 2. Objections to Discovery Requests

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[15] The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[16] and courts have long interpreted the rules to prohibit general, boilerplate objections.[17] A general objection untethered to specific requests is improper.[18]

A proper objection must be specific and correspond to specific discovery requests.[19] Thus, the party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not

---

[14] *Id.* (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).
[15] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[16] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).
[17] *See, e.g.*, *Chevron v. Midstream Pipelines v. Settoon Towing, LLC,* Nos. 13-2809, 13-3197, 2015 WL 269051, at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[18] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).
[19] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

reasonably calculated to lead to the discovery of admissible evidence.'"[20] The objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[21] Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[22]

When a party claims it would suffer an undue burden or expense, that party is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. Thus, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[23] "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-

---

[20] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).
[21] *Chevron,* 2015 WL 269051, at *3 (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).
[22] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").
[23] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

specific determination of the appropriate scope of discovery." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment.

### III. ANALYSIS

Rules 33 and 34 require a party to respond to discovery requests in writing no more than 30 days after the service of same. FED. RS. CIV. P. 33(b)(2); 34(b)(2)(A). A party is not relieved of this obligation to respond simply because it deems certain requests excessive, irrelevant, or duplicative. Defendants have not cited any authority for the contention that Plaintiff cannot issue separate discovery to Kipruto and DoubleOne because Kipruto is the sole owner of DoubleOne. On the contrary, courts regularly require sole owners to engage in separate discovery in their individual and corporate capacities.[24] Accordingly, that objection does not justify Defendants' abject failure to provide *any* written responses to Plaintiff's discovery requests.

Although Defendant has not responded to discovery, which alone may constitute a waiver of objections,[25] in the interests of expediency, the Court will address the objections asserted in its Opposition Memorandum.

---

[24] *See, e.g., PeopleFlo Mfg., Inc. v. Sundyne, LLC*, No. 20-3642, 2022 WL 7102662, at *2-*3 (N.D. Il. Oct. 12, 2022) (finding "no reason" to prevent or limit the Rule 30(b)(6) deposition of a closely held corporation's designee where he was already deposed in his individual capacity) (collecting cases and citing *Commodity Futures Trading Comm'n v. Midland Rare Coin Exch., Inc.,* No. 97-7422, 1999 WL 35148749, at *4 (S.D. Fla. July 30, 1999) (allowing individual and corporate capacity depositions of defendant entity's sole owner for maximum number of hours permitted and reasoning that holding otherwise would "thwart[ ] the broad discovery scope of Rule 26"); *Sw. Bell. Tel., L.P. v. UTEX Commc'ns Corp.,* No. 07-435, 2009 WL 8541000, at *3 (W.D. Tex. Sept. 30, 2009) (requiring corporate representative of small, closely held corporation to sit for depositions in individual and representative capacities without limiting presumptive time for either)).

[25] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also* 8A C. WRIGHT, A. MILLER, AND R. MARCUS, Federal Practice & Procedure § 2016.1 n.1 (3d ed. 2021); *B&S Equip. Co. v. Truckla Servs., Inc.,* Nos. 09-3862, 10-0832, 10-1168, 10-4592, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011).

A. **Number of Interrogatories**

If a responding party believes that more than 25 interrogatories have been issued, that party may respond to the "first" 25 interrogatories that constitute discrete questions, and object to the rest on that basis.[26]

1. **DoubleOne**

A review of the interrogatories issued to DoubleOne reflects that, considering discrete subparts, over 25 questions were posed:

- Interrogatory No. 1 contains 5 discrete subparts (a-c, d, e, f, and g); [5]

- Interrogatory No. 2 contains four discrete subparts (a-b, c, d, and e); [4]

- Interrogatory 3 constitutes one question; [1]

- Interrogatory 4 contains three distinct subparts (a/d, b, and c); and [3]

- Interrogatories Nos. 5-16 constitute one question each. [12]

ECF No. 30-4 at 4-10. Accordingly, DoubleOne must provide full and complete responses only to Plaintiff's Interrogatory Nos. 1-16 within fourteen (14) days.

2. **Kipruto**

A review of the interrogatories issued to Kipruto reflects that, considering discrete subparts, over 25 questions were posed:

- Interrogatories Nos. 1-7 constitute one question each; [7]

- Interrogatory No. 8 contains four distinct subparts (a, b, c, & d); and [4]

- Interrogatories Nos. 9-22 constitute one question each. [14]

---

[26] *Stephens v. Fla. Marine Transporters, Inc.*, No. 12-1873, 2013 WL 12120393, at *3 (E.D. La. Feb. 21, 2013) (Roby, M.J.) (citing *Lower River Marine, Inc.*, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *Paananen v. Cellco P'ship*, No. 08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.")).

ECF No. 30-6 at 4-9. Accordingly, Kipruto must provide full and complete responses only to Plaintiff's Interrogatory Nos. 1-22 within fourteen (14) days.

### B. Requests for Production

Unlike Rule 33, Rule 34 does not impose a numerical limit on requests for production. Plaintiff's requests, however, are subject to the relevance and proportionality standards set forth in Rule 26. Defendants' dissatisfaction with the number of requests issued by Plaintiff does not, standing alone, obviate their need to respond to each request either stating that the inspection will be permitted/copies of the documents will be produced or raising a well-founded and articulated objection and indicating whether any responsive materials are being held on the basis of that objection. FED. R. CIV. P. 34(b)(2)(A)-(B). Considering Defendants have done neither, the Court cannot properly assess the propriety of any particular objection with regard to any specific request. Defendants must submit full and complete responses to the requests for production within fourteen (14) days.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 30) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendants Kipruto and DoubleOne must provide full and complete responses to Plaintiff's Interrogatories and Requests for Production as stated herein within fourteen (14) days of this Order.

New Orleans, Louisiana, this __28th__ day of February, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE